UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TIMOTHY TRENCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:17-CV-527 |
| ) | |
| BERNARD HADDIGAN, ) | |
| EILEEN HADDIGAN, ) | |
| MENARD, INC., MENARD, INC. ) | |
| d/b/a MENARD, INC., DISTRIBUTION ) | |
| CENTER, and ) | |
| BILL TEGELER, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

The Defendants, Menard, Inc., Menard, Inc. d/b/a Menard, Inc., Distribution Center, and Bill Tegeler, by Counsel, file this Notice of Removal pursuant to 28 U.S.C. § 1322, 1411, and 1446, and in support state as follows:

1. On October 31, 2017, the Plaintiff filed this civil action in the Superior Court of Vigo County, Indiana, under cause number 84D03-1710-CT-007950 against the Defendants.[1]

2. The Plaintiff's claim arises out of injuries allegedly sustained by the Plaintiff on November 2, 2015, in an accident in Warren County, Missouri.

3. The Plaintiff's complaint asserts a cause of action for negligence against each Defendant.

4. The Plaintiff seeks to recover for physical injuries that "may be permanent", physical and mental pain, hospital and medical expenses, lost wages, and any future expenses and losses.

---

[1] On October 18, 2017, the Plaintiff also filed another complaint arising from the same underlying accident in Division 2 of the Vigo County Superior Court under cause number 84D02-1710-CT-007674. A notice of removal has also been filed in that case under cause number 2:17-cv-00525-WTL-MPB.

1

Plaintiff also seeks to recover for the loss of a "whole and useful life." Plaintiff alleges that he continues to suffer mental and physical pain.

5. The Defendants have met the procedural requirements for removal.

6. Pursuant to 28 U.S.C. § 1446(a), the Defendants attach to this Notice of Removal a copy of all process, pleadings, and orders entered in this case prior to the removal of this action:

   a. Plaintiff's Complaint filed on October 31, 2017;

   b. Plaintiff's Jury Demand, filed on October 31, 2017;

   c. Plaintiff's Summons to Bernard Haddigan, filed on October 31, 2017;

   d. Plaintiff's Summons to Eileen Haddigan, filed on October 31, 2017;

   e. Plaintiff's Summons to Bill Tegeler, filed on October 31, 2017;

   f. Plaintiff's Summons to Menard, Inc. filed on October 31, 2017;

   g. Plaintiff's Summons to Menard, Inc. d/b/a Menard, Inc., Distribution Center filed on October 31, 2017;

   h. Plaintiff's Certificate of Issuance of Summons to Eileen Haddigan, filed on October 31, 2017;

   i. Plaintiff's Certificate of Issuance of Summons to Bernard Haddigan, filed on October 31, 2017;

   j. Plaintiff's Certificate of Issuance of Summons to "Menard, Inc. Attention Bill Tegeler," filed on October 31, 2017;

   k. Plaintiff's Certificate of Issuance of Summons to "Menard, Inc. d/b/a Menard, Inc., Distribution Center," filed on October 31, 2017;

   l. Plaintiff's Certificate of Issuance of Summons to "The Prentice-Hall Corporation System Attention Menard, Inc.," filed on October 31, 2017;

    m. Appearance by R.T. Green, and Collin W. Green, of Blackburn & Green, on behalf of the Plaintiff;

    n. Appearance by William W. Drummy, of Wilkinson, Goeller, Modesitt, Wilkinson & Drummy, LLP, on behalf of the Defendants, Menard, Inc., Bill Tegeler, and Menard, Inc. d/b/a Menard, Inc., Distribution Center;

    o. Appearance by Sarah L. Wachala, of Wilkinson, Goeller, Modesitt, Wilkinson & Drummy, LLP, on behalf of the Defendants, Menard, Inc., Bill Tegeler, and Menard, Inc. d/b/a Menard, Inc., Distribution Center.

*See attached as Exhibit A*.

7. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1441(b). The Plaintiffs sent out service by certified mail on or about October 31, 2017. The Defendants Menard, Inc., Bill Tegeler, and Menard, Inc. d/b/a Menard, Inc., Distribution Center were served by certified mail on or about November 2, 2017. From the state court docket, it does not appear to the undersigned that the Defendants Bernard Haddigan or Eileen Haddigan have been served.

8. Venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the United States District Court for the Southern District of Indiana, Terre Haute Division, has jurisdiction over causes of action removed from Vigo County, Indiana.

9. Promptly following the filing of this Notice of Removal, written notice of the removal of this action will be served to Plaintiff's Counsel, as required by 28 U.S.C. § 1446(d).

10. A copy of this Notice of Removal will also be promptly filed with the Superior Court of Vigo County, Indiana, pursuant to 28 U.S.C. § 1446(d).

11. No previous application has been made for the relief requested herein.

**Diversity of Citizenship**

12. There is complete diversity of citizenship between the Plaintiff and the corporate defendants, Eileen Haddigan, and Bernard Haddigan. The citizenship of Defendant Bill Tegeler should be not considered pursuant to the fraudulent joinder doctrine.

13. Upon information and belief, the Plaintiff is a citizen of Indiana. However, the Plaintiff was present in Missouri when the accident occurred.

14. Upon information and belief, Defendants Eileen Haddigan and Bernard Haddigan are not citizens of Indiana. The undersigned believes that these defendants may be citizens of Georgia.

15. The corporate defendants are citizens of Wisconsin. Defendant Menard, Inc. is a citizen of Wisconsin. Menard, Inc. was incorporated in Wisconsin and maintains its principal place of business in Wisconsin. The corporate headquarters are located in Wisconsin where the officers direct, control, and coordinate the activities of the corporation. Menard, Inc. d/b/a Menard, Inc., Distribution Center is also a citizen of Wisconsin. 28 U.S.C. § 1332(c)(1).

16. The citizenship of Defendant Bill Tegeler should not be considered because he is a nominal or fraudulently joined defendant. Mr. Tegeler does not have any real interest or involvement in the underlying matter. Mr. Tegeler was added to simply avoid diversity jurisdiction. Mr. Tegeler is a citizen of Indiana.

17. The fraudulent joinder doctrine holds that a defendant's right to remove on diversity grounds is not defeated by joinder of a non-diverse defendant against whom the plaintiff's claims has no chance of success. *See e.g.*, *Morris v. Nuzzo*, 718 F.3d 660, 666–70 (7th Cir. 2013); *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011).

18. The "fraudulent joinder" exception to the requirement of complete diversity is applicable here. *Id*. Mr. Tegeler is not involved in the underlying claim, and any claim against him is groundless.

19. Menard, Inc. has a store and a distribution center, both of which are in Terre Haute, Indiana.

20. Mr. Tegeler is the store manager at Menard in Terre Haute, Indiana. Mr. Tegeler only works at the store and does not work at the distribution center.

21. The Plaintiff drove the truck from the distribution center in Terre Haute, Indiana, for approximately 230 miles to Warren County, Missouri, which is where the accident occurred. Mr. Tegeler had no involvement with the Plaintiff, the truck driven by the Plaintiff, the distribution center, or the accident.

22. The Plaintiff has filed suit against Mr. Tegeler for allegedly improperly loading cargo and for allegedly failing to "direct, oversee, and supervise employees of the respective defendants. Plaintiff's Complaint ¶ 3.

23. However, Mr. Tegeler has no involvement with Plaintiff's claim. Mr. Tegeler did not work at the distribution center and had no involvement with the Plaintiff, the truck, the cargo, or any employees at the distribution center. Mr. Tegeler should not be a party to this suit. The Plaintiff cannot recover against Mr. Tegeler, and the Plaintiff's claims against Mr. Tegeler are groundless.

24. Mr. Tegeler's citizenship cannot bar removal to federal court.

**Amount in Controversy**

25. The amount in controversy exceeds $75,000, exclusive of interest and costs at issue.

26. As explained by the Seventh Circuit, the standard for determining the amount in controversy requirement states that "unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." *Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 584 (7th Cir. 2012) (*citing Back Doctors Ltd. v. Metro. Prop. and Cas. Ins. Co.,* 637 F.3d 827, 830 (7th Cir. 2011); *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 293 (1938)).

27. The Plaintiff has alleged serious injuries within his complaint.  The Plaintiff seeks recovery for physical injuries that "may be permanent", physical and mental pain, hospital and medical expenses, lost wages, and any future expenses and losses.  Plaintiff also seeks to recover for the loss of a "whole and useful life."  Plaintiff's Complaint ¶¶ 6, 7.

28. Additionally, the specific allegations contained with Plaintiff's Complaint support that the Plaintiff is seeking in excess of $75,000.  The Plaintiff alleges he was the driver of a semi-truck and involved in a wreck. Plaintiff's Complaint ¶ 1.  He alleges that the load on the trailer shifted several times, causing the left side of Plaintiff's truck to leave the ground.  Plaintiff's Complaint ¶ 2.  Both the vehicle and trailer overturned.  *Id*.   It is clear that the Plaintiff alleges that he was involved in a serious accident.

29. A common-sense reading of the Complaint indicates that the Plaintiff is seeking damages in excess of $75,000 for his numerous injuries, loss of a whole and useful life, as well as future losses and future expenses.  *See e.g.*, Walton v. Bayer Corp., 643 F.3d 994, 998 (7th Cir. 2011) (finding federal jurisdiction based on litany of injuries plaintiff claimed to have sustained).

## Conclusion

30. Based on the foregoing, the state court action may be removed to this Court in accordance with the provisions of 28 U.S.C. §§1332 and 1441 et. seq. because (a) this is a civil action pending within the jurisdiction of this Court; (b) this action is between citizens of different states; and (c) the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendant Bill Tegeler was fraudulently joined to prevent diversity jurisdiction, and his citizenship should be not considered.

WHEREFORE, the Defendants, Menard, Inc., Menard, Inc. d/b/a Menard, Inc., Distribution Center, and Bill Tegeler, by Counsel, respectfully request that this action be removed to the United States District Court for the Southern District of Indiana, Terre Haute Division.

WILKINSON, GOELLER, MODESITT,
  WILKINSON & DRUMMY, LLP
333 Ohio Street
Terre Haute, IN  47807
Ph: (812) 232-4311
Fax: (812) 235-5107

By: */s/ Sarah L. Wachala*
      Sarah L. Wachala, #34244-84

## **CERTIFICATE OF SERVICE**

 I hereby certify that a copy of the above and foregoing pleading has been filed electronically using the e-filing system and notice sent, to:

Raymond Thomas Green
Collin Wilkin Green
BLACKBURN & GREEN
8202 Clearvista Pkwy
Bldg 8, Suite B
Indianapolis, IN 46256
rtgreen@blackburnandgreen.com
cgreen@blackburnandgreen.com

 I also hereby certify that a copy of the above and foregoing pleading has been sent via first class mail to:

Bernard Haddigan
Eileen Haddigan
5101 Menard Drive
Eau Claire, WI 54703

Dated this 20th day of November, 2017.

            By: */s/ Sarah L. Wachala*
              Sarah L. Wachala, #34244-84